# Supreme Court of Florida

_____

No. SC18-1917
_____

**IN RE: AMENDMENTS TO FLORIDA RULES OF APPELLATE PROCEDURE 9.146 AND 9.210.**

December 6, 2018

PER CURIAM.

We have for consideration proposed amendments to Florida Rules of Appellate Procedure 9.146 (Appeal Proceedings in Juvenile Dependency and Termination of Parental Rights Cases and Cases Involving Families and Children in Need of Services) and 9.210 (Briefs). We have jurisdiction[1] and adopt the amendments as proposed.

**Background**

The Appellate Court Rules Committee (Committee) filed a motion for rehearing in *In re Amendments to the Florida Rules of Civil Procedure, the Florida Rules of Judicial Administration, the Florida Rules of Criminal Procedure, and the*

---

1. *See* art. V, § 2(a), Fla. Const.

*Florida Rules of Appellate Procedure—Electronic Service*, No. SC17-882 (Fla. motion filed Nov. 8, 2018). As relevant here, in that case, the Court amended Rule of Judicial Administration 2.514 (Computing and Extending Time) to do away with the additional five days in which to act after service by e-mail and amended a number of appellate rules to enlarge existing time frames. *See In re Amends. to Fla. Rules of Civ. Pro., Fla. Rules of Jud. Admin., Fla. Rules of Crim. Pro., & Fla. Rules of App. Pro.—Electronic Service*, 43 Fla. L. Weekly S515 (Fla. Oct. 25, 2018) (Case No. SC17-882). In the motion for rehearing, the Committee asked the Court to "make conforming changes" to the recent amendments to rules 9.146 and 9.210 that provide time periods for serving responsive briefs when more than one initial or answer brief is authorized in an appeal or cross-appeal. Those amendments were adopted in another case, *see In re Amendments to the Florida Rules of Appellate Procedure—2017 Regular-Cycle Report*, 43 Fla. L. Weekly S508 (Fla. Oct 25, 2018), and included, fully engrossed, in rules 9.146 and 9.210 as amended in Case No. SC17-882. The Court denied the motion for rehearing and treated the motion as a proper out-of-cycle report filed under Florida Rule of Judicial Administration 2.140(e)(1), proposing the new rule amendments, which are the subject of this case. *See In re Amends. to Fla. Rules of Civ. Pro., Fla. Rules of Jud. Admin., Fla. Rules of Crim. Pro. & Fla. Rules of App. Pro.—Electronic Service,* No. SC17-882 (Fla. order filed Nov. 20, 2018).

**Amendments**

After considering the Committee's proposals, we amend rules 9.146(g)(3)(B) (Special Procedures and Time Limitations Applicable to Appeals of Final Orders in Dependency or Termination of Parental Rights Proceedings; Briefs; Times for Service) and 9.210(f) (Times for Service of Briefs) as requested. The amendments conform the time periods for serving responsive briefs, when more than one initial or answer brief is authorized in an appeal or cross-appeal, with the enlarged time frames in the appellate rules adopted in Case No. SC17-882. The twenty- and ten-day time periods in rule 9.146(g)(3)(B) are changed to thirty and fifteen days, respectively. The twenty-day time periods in rule 9.210(f) are changed to thirty days.

**Conclusion**

Accordingly, we amend the Florida Rules of Appellate Procedure as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective on January 1, 2019, at 12:03 a.m. Because the amendments were not published for comment prior to their adoption, interested persons shall have seventy-five days from the date of this opinion in which to file comments with the

Court.[2]

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

ANY MOTION FOR REHEARING OR CLARIFICATION MUST BE FILED WITHIN SEVEN DAYS.  A RESPONSE TO THE MOTION FOR REHEARING/CLARIFICATION MAY BE FILED WITHIN FIVE DAYS AFTER THE FILING OF THE MOTION FOR REHEARING/CLARIFICATION. THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Appellate Procedure

---

2.  All comments must be filed with the Court on or before February 19, 2019, with a certificate of service verifying that a copy has been served on the Committee Chair, Ms. Courtney Rebecca Brewer, 325 N Calhoun Street, Tallahassee, Florida 32301-7605, cbrewer@mills-appeals.com, and on the Bar Staff Liaison to the Committee, Ms. Heather Telfer, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300, HTelfer@floridabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case.  The Committee Chair has until March 12, 2019, to file a response to any comments filed with the Court.  If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with *In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal*, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013).  If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal.  Comments filed via the Portal must be submitted in Microsoft Word 97 or higher.  *See In re Electronic Filing in the Florida Supreme Court*, Fla. Admin. Order No. AOSC17-27 (May 9, 2017).  Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

Courtney Rebecca Brewer, Chair, Appellate Court Rules Committee, Tallahassee, Florida; and Joshua E. Doyle, Executive Director, and Heather Savage Telfer, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

# APPENDIX

**RULE 9.146.** **APPEAL PROCEEDINGS IN JUVENILE DEPENDENCY AND TERMINATION OF PARENTAL RIGHTS CASES AND CASES INVOLVING FAMILIES AND CHILDREN IN NEED OF SERVICES**

**(a) – (f)** **[No change]**

**(g)** **Special Procedures and Time Limitations Applicable to Appeals of Final Orders in Dependency or Termination of Parental Rights Proceedings.**

**(1) – (2)** **[No change]**

**(3)** **Briefs.**

**(A)** **[No change]**

**(B)** **Times for Service.** The initial brief shall be served within 30 days of service of the record on appeal or the index to the record on appeal. The answer brief shall be served within 30 days of service of the initial brief. The reply brief, if any, shall be served within 15 days of the service of the answer brief. In any appeal or cross-appeal, if more than 1 initial or answer brief is authorized, the responsive brief shall be served within ~~20~~30 days after the last initial brief or within ~~10~~15 days after the last answer brief was served. If the last authorized initial or answer brief is not served, the responsive brief shall be served within ~~20~~30 days after the last authorized initial brief or within ~~10~~15 days after the last authorized answer brief could have been timely served.

**(4) – (7)** **[No change]**

**(h) - (i)**

### Committee Notes

[No change]

**RULE 9.210.** **BRIEFS**

**(a) – (e)** **[No change]**

**(f)    Times for Service of Briefs.** The times for serving jurisdiction and initial briefs are prescribed by rules 9.110, 9.120, 9.130, and 9.140. Unless otherwise required, the answer brief shall be served within 30 days after service of the initial brief; the reply brief, if any, shall be served within 30 days after service of the answer brief; and the cross-reply brief, if any, shall be served within 30 days thereafter. In any appeal or cross-appeal, if more than 1 initial or answer brief is authorized, the responsive brief shall be served within ~~20~~30 days after the last initial or answer brief was served.  If the last authorized initial or answer brief is not served, the responsive brief shall be served within ~~20~~30 days after the last authorized initial or answer brief could have been timely served.

**(g)    [No change]**

## Committee Notes

[No change]

## Court Commentary

[No change]